# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARISELA LEON MARTINEZ,

    Plaintiff,

v.

MGM GRAND HOTEL LLC DBA MGM GRAND,

    Defendant(s).

Case No.: 2:19-cv-00390-GMN-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1).

**I.**  *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**  **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, Plaintiff attempts to bring claims under the Americans with Disabilities Act ("ADA"). *See* Compl. (ECF No. 1-1). Claims under this statute invoke the Court's federal jurisdiction. Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim.

Plaintiff's Complaint alleges incidents dating back to 2012, which were litigated in a prior lawsuit in this District Court, *Martinez v. MGM Grand Hotel LLC*, Case No. 2:17-cv-2454-JCM-GWF. In that case, the Court granted defendant's motion to dismiss and dismissed the case without prejudice due to plaintiff's failure to oppose the motion to dismiss. (ECF No. 14). In ruling on Plaintiff's motion for reconsideration, the Court denied reconsideration and noted that Plaintiff "is free to file a new action in an appropriate forum that properly asserts her stated claims." (ECF No. 24). As such, the Court finds that claim preclusion does not apply and will screen her complaint.

Plaintiff appears to seek to assert discrimination and/or failure to accommodate claims under the ADA. The ADA prohibits covered employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). An ADA discrimination claim follows the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Plaintiff must establish that: (1) she has a disability within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her employment, with or without reasonable accommodation; and (3) she suffered an adverse action because of the disability. *See Hutton v. Elf Etochem No. Am., Inc.*, 273 F.3d 884, 895 (9th Cir. 2001). As for the failure to accommodate claim, Plaintiff must establish that: (1) she requested an accommodation due to a disability or her employer knew or had reason to know that she had a disability, was experiencing workplace problems because of the disability, and it prevented her from submitting a request; and (2) her employer could have made a reasonable accommodation that would have enabled her to perform the essential functions of the job. *See Barnett v. U.S. Airways, Inc.*, 228 F.3d 1105, 1112-14 (9th Cir. 2000), *vacated on other grounds by U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 405-06 (2002).

Plaintiff's Complaint lacks sufficient factual allegations for the Court to find that she can state a plausible claim for relief. She attaches a checklist of essential functions for the Kitchen Worker positions from which she was terminated. (ECF No. 1-1, 28). It indicates that the position requires lifting of up to 60 pounds. *Id.* Plaintiff's Complaint alleges that she had a permanent restriction of no lifting over 18 pounds. Further, the ADA does not obligate the employer to accommodate the employee by excusing her from the performance of essential functions. *See Dark v. Curry County* (9th Cir. 2006) 451 F.3d 1078, 1089 ("ADA does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees"). For the reasons stated above, the complaint does not state a claim for which relief can be granted under the ADA. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent she believes that she can state a claim.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **January 17, 2020**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule

15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 27, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE